**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEMPRA ENERGY, | Nos. 09-55022, 09-55290 |
| Plaintiff-Appellee and Cross-Appellant, | D.C. No. 2:07 CV-5431-SJO (SS) |
| v. | MEMORANDUM [*] |
| MARSH USA, INC., | |
| Defendant-Appellant and Cross-Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted June 8, 2010

Pasadena, California

Before:    CANBY and W. FLETCHER, Circuit Judges, and TUNHEIM, [**]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

Marsh USA, Inc. ("Marsh") appeals from a final judgment entered in favor of Sempra Energy ("Sempra") after a jury issued a verdict in Sempra's favor and awarded damages. We affirm.

First, the district court properly submitted the statute of limitations issue to the jury, and the jury's conclusion that Marsh did not prove its statute of limitations defense was not against the overwhelming weight of the evidence at trial. A reasonable juror could have concluded that a reasonable person in Sempra's position would have understood that even a "gold standard" policy could not cover all potential losses. A reasonable juror reaching that conclusion could have similarly found that a reasonable person in Sempra's position, reading the statement of defense with that understanding in mind, would not have discovered that Marsh's negligence may have been a cause of Sempra's injury. *See* Cal. Civ. Proc. Code § 339, subd. 1; *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 927 (Cal. 1988); *see also Hydro-Mill Co. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc.*, 10 Cal. Rptr. 3d 582, 597-98 (Cal. Ct. App. 2004); *Butcher v. Truck Ins. Exch.*, 92 Cal. Rptr. 2d 521, 541-42 (Cal. Ct. App. 2000).

Second, the district court did not err in allowing Sempra to advance an alternative theory of causation. The arbitration panel's ruling left open the possibility that Sempra's losses had more than one cause, and the district court

barred Sempra from disputing the cause that the panel had identified. Moreover, as Marsh concedes, Sempra informed Marsh that it wanted the broadest coverage possible.

Third, the district court did not abuse its discretion in its evidentiary rulings related to the availability of alternative coverage. The district court did not abuse its discretion in admitting the expert testimony of Winifred Baker. *See* Fed. R. Evid. 702. The district court also did not abuse its discretion in concluding that Marsh's failure to timely designate Miles Wright was not substantially justified and that Sempra would suffer harm from the late disclosure. *See* Fed. R. Civ. P. 37. With respect to Gustavo de Lucio, the district court did not abuse its discretion in concluding that Marsh adopted his statements, Fed. R. Evid. 801(d)(2)(B), or in limiting his lay witness testimony, Fed. R. Evid. 701. Substantial evidence supported the jury's finding that Marsh could have obtained alternative coverage for Sempra.

Fourth, although the district court may have erred in instructing the jury as to the elements of breach of contract, *see US Ecology, Inc. v. State*, 28 Cal. Rptr. 3d 894, 910 (Cal. Ct. App. 2005), Marsh did not submit a proper instruction or clearly identify the error to the court, and therefore the court did not abuse its discretion in refusing to give the instruction that Marsh requested. *Voohries-*

3

*Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 714 (9th Cir. 2001); *Glover v. BIC Corp.*, 6 F.3d 1318, 1327 (9th Cir. 1993). Moreover, any error was harmless. *See Counts v. Burlington N. R.R. Co.*, 952 F.2d 1136, 1140 (9th Cir. 1991).

For the foregoing reasons, we **AFFIRM** the judgment of the district court. We therefore dismiss Sempra's cross-appeal as moot. *See Golden W. Refining Co. v. SunTrust Bank*, 538 F.3d 1233, 1243 (9th Cir. 2008); *Abromson v. Am. Pac. Corp.*, 114 F.3d 898, 904 (9th Cir. 1997).

**AFFIRMED in 09-55022**

**DISMISSED as moot in 09-55290**